IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAKOTA MORAN, on behalf of himself and all others similarly situated, | ) ) ) CASE NO. |
| Plaintiff, | ) ) JUDGE |
| vs. | ) ) **COLLECTIVE ACTION COMPLAINT** ) |
| HEIGHTS TOWER SERVICE, INC., | ) **JURY DEMAND ENDORSED** ) **HEREON** |
| Defendant. | ) |

Plaintiff Dakota Moran ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his attorneys, files this Collective Action Complaint against Defendant Heights Tower Service, Inc. ("Defendant") seeking unpaid wages, including overtime wages, and all other available relief, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). Based on personal knowledge of his own conduct and upon information and belief as to the conduct and acts of others, Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff is an adult citizen of Ohio. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b). A Consent to Join form signed by Plaintiff is attached to this Complaint as **Exhibit 1**.

2. Plaintiff brings this action on behalf of himself and on behalf of the following collective class of employees:

> All hourly employees employed by Defendant who traveled to and from jobsites in which an overnight stay was required, or engaged in shop to job travel, but for whom such travel time was neither paid at an overtime rate nor counted as hours worked by Defendant for any workweek in which such travel time resulted in hours worked in excess of 40 in the same workweek, at any time from three years prior

to the filing of this Complaint through final disposition of this matter ("Collective Members").

3. Plaintiff was employed by Defendant as an hourly, non-exempt employee within the past three years.

4. At all relevant times, Defendant employed the Collective Members as hourly non-exempt employees.

5. Plaintiff and the Collective Members regularly worked more than 40 hours per workweek.

6. Plaintiff and the Collective Members are covered employees within the meaning of the FLSA.

7. Defendant is an Ohio for-profit corporation. Defendant's principal place of business is located at 16404 Village Parkway Fredericktown, OH 43019.

8. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r); and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

9. At all relevant times, Plaintiff and the Collective Members were Defendant's "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

## JURISDICTION AND VENUE

10. Plaintiff brings this action on behalf of himself and the Collective Members pursuant to 29 U.S.C. § 216(b).

11. At all relevant times, Defendant had employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

12. At all relevant times, Defendant's gross annual sales volume has been in excess of $500,000.

13. Defendant is subject to personal jurisdiction in the State of Ohio because Defendant's principal place of business is in Ohio.

14. Venue is proper in this District and Division because Defendant's principal place of business in located in this District and Division.

## FACTUAL ALLEGATIONS

15. Defendant provides cell tower construction and maintenance services in multiple states.

16. At all relevant times, Defendant employed Plaintiff and the Collective Members to perform the manual tasks associated with the construction and maintenance of cell towers.

17. At all relevant times, Plaintiff and the Collective members were hourly non-exempt employees.

18. At all relevant times, Plaintiff and Collective Members typically worked at least forty (40) hours per workweek.

19. At all relevant times, Plaintiff and the Collective Members were required to travel to remote jobsites that were located away from their home during their normal work hours to work on Defendant's cell tower construction and maintenance projects.

20. Defendant required Plaintiff and the Collective Members to stay overnight at hotels when performing work at these remote jobsites.

21. Defendant required Plaintiff and the Collective Members to report to a shop prior to traveling to the remote job locations. Plaintiff and the Collective Members would load a vehicle

and perform other work duties at the shop prior to traveling to the remote job location. Several workers would ride together in a vehicle from the shop to the remote job location.

22. Defendant would pay Plaintiff and the Collective Members for travel time at their straight-time hourly rate. But, unless the worker was driving the vehicle, Defendant would not count travel time as hours worked for the purposes of computing overtime premiums owed to Plaintiff and the Collective Members.

23. For example, during the pay period staring August 21, 2022, and ending August 27, 2022, Plaintiff worked 39 "regular" hours and had two hours of "drive time." All this time was compensable work under the FLSA. Accordingly, Plaintiff was owed one hour of overtime premium pay. But Plaintiff received no overtime premium pay.

24. As another example, Plaintiff worked 40 "regular" hours and 7.5 hours of "overtime" and 5 hours of "drive time." All this time was compensable work under the FLSA. Accordingly, Plaintiff was owed 12.5 hours of overtime premium pay, but was deprived of 5 hours of overtime compensation he was owed.

25. At all relevant times, Plaintiff and the Collective Members were deprived of hundreds of hours of overtime premium payments every year due to Defendant's illegal pay practices.

26. The identity of all employees similarly situated to Plaintiff is unknown at this time but is known to Defendant and is contained in Defendant's records.

27. At all material times, Defendant willfully deprived Plaintiff and the Collective Members of proper wages, including overtime wages. Indeed, in 2014 Defendant was sued for failing to pay overtime premiums for travel time but it continued its illegal wage practices.

Defendant knows that it is violating the law but chooses not to comply with its obligations under the FLSA.

28. Defendant's unlawful conduct has been widespread, repeated, and consistent.

29. Defendant's conduct was willful and in bad faith and has caused significant damages to Plaintiff and similarly situated individuals; and because wages remain unpaid, damages continue.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff, on behalf of himself and the Collective Members, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

31. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

32. Plaintiff is similarly situated to the Collective Members and will prosecute this action vigorously on their behalf.

33. Pursuant to a companywide policy and practice, Defendant failed to pay Plaintiff and the Collective Members all the overtime premium payments that they are owed.

34. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint.

35. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Members and, as such, notice of this action should be sent to Collective Members.

## **COUNT I - FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA**
### **(On Behalf of Plaintiff and the Collective Members)**

37. Plaintiff, on behalf of himself and the Collective Members, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

38. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207.

39. Pursuant to the FLSA, when an employee is required to travel away from his or her home community to a place that requires an overnight stay, the travel time during the employee's normal working hours – on both working and non-working days – is compensable and must be counted as hours worked. *See* 29 C.F.R. § 785.39.

40. Likewise, travel that is all in a day's wok is compensable. For example, where an employee is required to report to a meeting place to pick up tools, and then travel to a job site, that travel is compensable. 29 C.F.R. § 785.38.

41. As hourly, non-exempt employees of Defendant, Plaintiff and the Collective Members traveled during their normal working hours away from their home communities to Defendant's remote jobsites that required an overnight stay.

42. As employees of Defendant, Plaintiff and the Collective Members were required to meet at a shop to gather tools, load a truck, and perform other work duties, prior to traveling to a remote jobsite.

43. Pursuant to a companywide policy and practice, Defendant did not pay Plaintiff and the Collective Members overtime premiums for, or count as hours worked, time they spent traveling to these remote jobsites, even when such travel resulted in a work week in excess of 40 hours. This policy and practice violates the FLSA.

44. Defendant knew that it was required to pay Plaintiff and the Collective Members for all hours worked over forty in any workweek, including travel time. Indeed, Defendant was sued for this practice in 2014.

45. In spite of such knowledge, Defendant willfully withheld and failed to pay the overtime wages to which Plaintiff and the Collective Members are entitled.

46. Defendant knew, or showed reckless disregard for the fact, that it failed to compensate Plaintiff and the Collective Members proper overtime wages.

47. Defendant's actions, policies, and practices described herein violate the FLSA's overtime pay provisions by regularly and repeatedly failing to compensate Plaintiff and the Collective Class Members at the required overtime rate for all overtime hours worked.

48. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Collective Members have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Collective Class Members seek damages in the amount of their unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all similarly situated members of the Collective, respectfully requests that this Court grant the following relief:

a. Certification of this action as a collective action under the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective;

b. Judgment against Defendant for violation of the FLSA;

c. Judgment that Defendant violated the FLSA willfully and in bad faith;

d. Judgment against Defendant in an amount equal to Plaintiff's and the FLSA Collective's unpaid wages, including overtime wages, at a rate of one and one-half their regular rates of pay, and an equal amount of liquidated damages;

e. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216;

f. Pre- and/or post judgment interest; and,

g. Such further relief as the Court deems just and equitable.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (OH Bar #0076017)
Shannon M. Draher (OH Bar #0074304)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Fax: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all questions of fact raised by the Complaint.

*/s/ Hans A. Nilges*
Hans A. Nilges

*Counsel for Plaintiff*