UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dakota Moran,

    Plaintiff,                                    Case No. 2:22-cv-3905

    v.                                               Judge Michael H. Watson

Heights Tower Service, Inc.,             Magistrate Judge Vascura

    Defendant.

## OPINION AND ORDER

Dakota Moran ("Plaintiff") and Defendant wish to settle the federal wage and hour claims in this case on a collective basis. Mot., ECF No. 16.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement). Factors relevant to this determination include:

(1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup,* 2011 WL 2532922, at *3 (citation omitted). Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

Upon thorough review, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the Parties, but it requires certain minor modifications for approval.

There is a bona fide dispute in this case. Primarily, Plaintiff's claims center around: (1) time spent traveling during normal work hours to jobsites that required an overnight stay; and (2) shop-to-job travel. Plaintiff argues that, in both scenarios 1 and 2, Defendant failed to count the travel as hours worked, even when it would have resulted in an employee exceeding 40 hours in a given workweek and, when it caused an employee to work more than 40 hours in a workweek, failed to pay overtime. Compl. ¶ 2, ECF No. 1. Defendant denies the

pertinent allegations and contends this case is not suitable for collective treatment.  Ans., ECF No. 5.

There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel and was reached after exchanging wage and hour data for the entire universe of potential members of the collective and through mediation with an independent mediator.

The settlement will avoid expensive litigation for both sides, including remaining discovery, certification motions, dispositive motions, trial, and possible appeals.  This case is in its infancy, and the cost of continued litigation is therefore high.

The discovery produced thus far favors approval.  Although it appears that the only discovery exchanged was wage and hour data for the potential members of the collective, this is some of the most important information to be gleaned from discovery.  This information allowed Plaintiff's counsel to calculate an expected value of the entire case and to reach a settlement that exceeded that value.

Plaintiff's likelihood of success on the merits is unclear, but Plaintiff's high recovery weighs in favor of approval.

The public interest favors approval, as it favors prompt, efficient, and fair resolution of wage-and-hour cases.

Further, the payment to Plaintiff's attorneys in the amount of one-third of the gross settlement fund, plus costs, is both reasonable and typical, especially

where the lawyers took the case on a contingency fee basis and advanced all expenses incurred to date.  *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District . . . .").

Accordingly, the Court finds the substance of the proposed settlement is fair and reasonable.  Nonetheless, the Court conditions approval on several changes:

1. Section 11 in the Notice to Eligible Settlement Participants, titled "Do I have a lawyer in this case?" shall be amended to clarify that opt-in claimants have the right to hire counsel of their own choosing.

2. Because no one becomes a party to a collective action until their consent to join form is filed on the docket, *see* 29 U.S.C. § 216(b), counsel for Plaintiff shall file all consent forms prior to the submission of payments by the Settlement Administrator.

The Parties shall consider the above conditions and notify the Court regarding their positions on accepting the same.  If the Parties agree to make the above revisions, they shall file a notice on the docket indicating their agreement.  Upon the filing of such notice, the Parties may continue with the sending of Notice and Consent Forms consistent with this Opinion.

In the event the Parties continue with the settlement, the Court will hold this case open until the notice period has closed and the opt-in forms have been filed on the docket.  Upon the filing of the opt-in consent forms, the Parties shall file a joint motion to dismiss.

If the Parties do not agree to the above changes, their notice shall indicate how they propose to proceed.

The Parties' joint motion, ECF No. 16, is **CONDITIONALLY APPROVED**, and the Clerk shall terminate the same.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**